Electronically Filed - City of St. Louis - February 17, 2026 - 04:16 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

DYLAN HAYNES,

Plaintiff,

vs.

TROPICANA ST. LOUIS LLC,

Defendant.

Serve:
Registered Agent
CSC-Lawyers Incorporating Service Company
221 Bolivar St.
Jefferson City, MO 65101

Case No:

**JURY TRIAL DEMANDED**

**PETITION**

COMES NOW Plaintiff, by and through counsel, and for his cause of action against Defendant states:

1. Plaintiff Dylan Haynes is a resident of the State of Alabama.

2. Defendant Tropicana St. Louis LLC is a Delaware limited liability company authorized to do business in Missouri.

3. At all times relevant herein, Defendant owned, operated, and controlled Horseshoe St. Louis located at 999 N. 2nd Street, St. Louis, Missouri (the "Premises").

4. Venue is proper pursuant to Mo. Rev. Stat. § 508.010 because the incident giving rise to this action occurred in the City of St. Louis.

5. On or about May 18, 2025, Plaintiff was lawfully present at the Premises as a paying customer and business invitee.

**Exhibit A**

Electronically Filed - City of St. Louis - February 17, 2026 - 04:16 PM

6. At said time and place, a slot machine located on Defendant's gaming floor fell onto an employee of Defendant.

7. The slot machine was large and heavy and posed a serious risk of crushing injury.

8. The machine fell due to Defendant's failure to properly secure, install, inspect, maintain, or stabilize it.

9. The fallen machine created an emergency situation in which Defendant's employee was visibly trapped and in peril of serious bodily injury.

10. It was reasonably foreseeable that patrons nearby would attempt to assist or rescue the trapped employee.

11. Acting reasonably under the emergency circumstances created by Defendant's conduct, Plaintiff attempted to lift or assist in lifting the slot machine in order to rescue the employee.

12. In doing so, Plaintiff sustained serious injuries to his right hand.

13. As a direct and proximate result of the occurrence described herein, Plaintiff has undergone medical treatment, sustained pain and suffering, and is reasonably certain to undergo additional medical treatment and incur medical expenses in the future, including the likelihood of surgical intervention.

## COUNT I – PREMISES LIABILITY

COMES NOW Plaintiff, and for Count I of his cause of action against Defendant states:

14. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

Electronically Filed - City of St. Louis - February 17, 2026 - 04:16 PM

15. Plaintiff was a business invitee on Defendant's Premises.

16. Defendant owed Plaintiff a duty to exercise ordinary care to maintain the Premises in a reasonably safe condition and to protect invitees from unreasonable risks of harm.

17. The unstable and improperly secured slot machine constituted a dangerous condition on the Premises.

18. Defendant knew or, by using ordinary care, should have known of the dangerous condition.

19. Defendant failed to exercise ordinary care by:

a. Failing to properly secure and stabilize the slot machine;

b. Failing to properly install or maintain the slot machine;

c. Failing to adequately inspect the machine for instability;

d. Failing to correct the dangerous condition; and/or

e. Failing to otherwise make the Premises reasonably safe.

20. As a direct and proximate result of Defendant's negligence, the slot machine fell, creating the emergency situation described above.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount in excess of $25,000.00, for costs herein expended, and for such other relief as the Court deems just and proper under the circumstances.

**COUNT II – NEGLIGENCE**

Electronically Filed - City of St. Louis - February 17, 2026 - 04:16 PM

COMES NOW Plaintiff, and for Count II of his cause of action against Defendant states:

21. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

22. Defendant had a duty to exercise ordinary care in the installation, placement, maintenance, and operation of gaming equipment on its premises.

23. Defendant breached that duty by failing to use ordinary care in securing, installing, inspecting, and maintaining the slot machine.

24. Defendant's negligence directly caused the slot machine to fall and created a foreseeable risk that a bystander would attempt a rescue.

25. Plaintiff acted reasonably under the circumstances.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount in excess of $25,000.00, for costs herein expended, and for such other relief as the Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

**SOTIRIOU WILMOWSKI LLC**

/s/ Tom Wilmowski
Deme Sotiriou, MO #56611
Tom Wilmowski, MO #60721
12444 Powerscourt Drive, Suite 150
St. Louis, Missouri 63131
Telephone: (314) 925-1000
Facsimile: (314) 987-5096
Email: deme@swlawstl.com
Email: tom@swlawstl.com
*Attorneys for Plaintiff*